George G. Bernhard, J.
This Family Court proceeding for support of wife and infant children was commenced by service of a petition returnable June 25, 1975. Respondent moved to dismiss on the adjourned return day upon the ground that a divorce action was pending between the parties in the Supreme Court, Dutchess County.
The petition alleges, in words and substance, that she seeks to enforce an order of the Supreme Court in a divorce action in which she was defendant, which awarded her a total of alimony and child support of $100 weekly, and that respondent is in default.
Respondent urges that the Supreme Court divorce action is still pending and that petitioner should be relegated to that court for enforcement of its order. Part of a stipulation before a Supreme Court Justice on March 6, 1975 provided that the divorce action was removed from the trial calendar. The court *291 went on to comment, "Mr. Clerk, you may take this case off the calendar as a contested trial; dismissed without prejudice. ”
Respondent’s attorney contends that the action was not dismissed, but that as part of an abortive settlement, it was merely taken off the contested calendar with the intention that it be placed on the uncontested calendar for inquest upon execution of a proposed separation agreement. The action was put back on the contested matrimonial calendar apparently after negotiations broke down.
The court agrees that the matrimonial action is still pending if for no other reason than that no judgment has been entered disposing of it. (See CPLR 105, subd [k]; CPLR 5011.) Hence, this motion is governed by section 466 of the Family Court Act which reads as follows:
"(a) The supreme court may provide in an order or decree granting temporary or permanent support in an action for divorce, separation or . annulment that only the family court may entertain an application to enforce or, upon a showing to the family court that there has been a subsequent change of circumstance and that modification is required, to modify such order or decree. If the supreme court so provides, the family court shall entertain such an application and any disposition by the family court of the application is an order of the family court appealable only under article eleven of this act.
"(b) The supreme court may provide in an order or decree granting alimony or support in an action for divorce, separation or annulment that the order or decree may be enforced or modified only in the supreme court. If the supreme court so provides, the family court may not entertain an application to enforce or modify an order or decree of the supreme court involving the parties to the action.
"(c) If the supreme court enters an order or decree granting alimony or support in an action for divorce, separation or annulment and if the supreme court does not exercise the authority given under paragraph (a) or (b) of this section; or if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting alimony or support in any such action, the family court may
"(i) entertain an application to enforce the order or decree granting alimony, or
"(ii) entertain an application to modify the order or decree granting alimony on the ground that there has been a subse *292 quent change of circumstances and that modification is required.” (As amd by L 1965, ch 355; L 1970, ch 28, § 2; L 1972, ch 721, § 1.)
Clearly in a proper case this court can enforce or modify a Supreme Court "order” as in this case. Further, there has been no direction from the Supreme Court as to enforcement of its order in Family Court. Therefore, it is a matter of sound discretion as to whether this court should accept the proceeding.
Theoretically, the Supreme Court has at hand all of the enforcement powers of sequestration (Domestic Relations Law, § 243), garnishee (Domestic Relations Law, § 244), contempt and body executions (Domestic Relations Law, § 245), judgment and property execution (Domestic Relations Law, § 244).
But on a practical basis, the Supreme Court does not have the services of the Family Court Probation Department, particularly with respect to wage deduction orders (Family Ct Act, § 459), support collection (Rules of Family Ct, rules 2.3, 2.5 [22 NYCRR 2501.3, 2501.5]), and, of course, imprisonment for failure to pay (Family Ct Act, § 454). Suffice it to say that enforcement of this obligation to support is generally considered swifter and sometimes harsher in the hurly burly of Family Court, than in the Supreme Court. Perhaps that is not as it should be. Nonetheless, in a great many cases involving collection of arrears, the dependents are either collecting public assistance or close to it. Where a legal obligation to support dependent children is sought to be enforced, this court should take jurisdiction unless ordered by statute or decision to do otherwise.
Accordingly, the motion to dismiss is denied and a trial on the merits is set down for November 21, 1975 at 3:30 p.m.